JAMES S. WHITON *vs.* WILLIAM W. NICHOLS.

The omission to state, in a petition for the benefit of the insolvent laws, that the petitioner's residence or place of business is within the county, does not invalidate the certificate of discharge afterwards granted, if the jurisdiction appears in the warrant issued upon the petition, and in the certificate of discharge.

ACTION OF CONTRACT upon two promissory notes, dated December 24th 1855. Answer, a certificate of discharge in insolvency.

At the trial in the court of common pleas in Middlesex at June term 1859, the defendant gave in evidence a certificate of discharge, dated September 15th 1856, and signed by a commissioner of insolvency for the county of Suffolk, and also the original warrant of the commissioner, in each of which the defendant was described as "of Boston." The plaintiff, to invalidate the discharge, put in evidence the original petition presented by the defendant to the commissioner on the 1st of March 1856, which did not mention the defendant's residence or place of business. *Mellen,* C. J. ruled, "that inasmuch as the petition did not allege, by way of description or otherwise, that Nichols was a citizen of Suffolk county at the time it was made, the discharge and the whole insolvency proceedings were invalid." A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*W. L. Burt,* for the defendant.

*N. St. J. Green,* for the plaintiff, cited *Sts.* 1838, *c.* 163, § 1; 1848, *c.* 304, § 1; *Wyman* v. *Mitchell,* 1 Cow. 316; *Winford* v. *Powell,* 2 Ld. Raym. 1310; *Walker* v. *Turner,* 9 Wheat. 541; *Piper* v. *Pearson,* 2 Gray, 120; *Sayles* v. *Briggs,* 4 Met. 423; *Wells* v. *Stevens,* 2 Gray, 115.

SHAW, C. J. The only question raised upon the exceptions in this case is, whether the defendant's certificate of discharge on insolvency was valid, and constituted a good discharge against the notes sued for. The ground of objection is, that on recurring to the original petition, by which voluntary proceedings by the insolvent were commenced, he does not give his addition of place, as "of Boston," or other designation; but the first act of the commissioner on the petition, in effect the original adjudication of the commissioner, describes the insolvent as "of Boston." *Holbrook* v. *Jackson,* 7 Cush. 144.

The jurisdiction of the commissioner for the county of Suffolk depended on the fact, whether the insolvent had his domicil or place of business in Suffolk; but if such fact is made to appear to the commissioner, and is recognized and affirmed by him, the court are of opinion, that such omission of the addition of place in the petition does not of itself show that the commissioner had not jurisdiction. Whilst on the one hand we should be cautious not to encourage carelessness and want of due attention to convenient and proper forms of business, we should be careful not to set aside a long course of proceedings in which many persons are interested, on the ground of a mere formal and clerical error, unless absolutely necessary. No one of the cases cited, we think, comes up to the point relied on by the plaintiff, or shows that these proceedings were void for the cause shown.　　　　　　　　　*Exceptions sustained.*